Dear Mr. Katz:
On behalf of the Union Parish School Board, you have requested the opinion of this office regarding the education of the children of Junction City, Louisiana.
It is our understanding that Junction City School District No. 75 is operated by the State of Arkansas, but that its boundaries, as recognized by the Courts of Arkansas, include the area of Junction City, Louisiana. Furthermore, children from Junction City, Louisiana have, for in excess of seventy years, attended school in Arkansas' Junction City School District No. 75 schools.
You have advised that there are currently 233 Union Parish students attending school in Junction City School District No. 75. The education of these children is funded by the Union Parish School Board, which pays the salaries and benefits of two administrators, four teachers, and two bus drivers who work in the Junction City School District No. 75 schools. The employees funded by Union Parish are paid the Louisiana state salary base as well as the same local funding and benefits the employees would receive if they were teaching within the Union Parish Schools. The Union Parish School Board must also be consulted by the Junction City School District No. 75 with regard to the hiring and firing of those employees. Union Parish also pays certain other costs related to the education of its students.
Despite the long standing arrangement between the Union Parish School Board and Junction City School District No. 75, a question has arisen as to whether this practice is lawful under Louisiana law.
Please be advised that we have had occasion to discuss this arrangement with a staff member at the Department of Education. In accordance with that conversation, it is our understanding that other border parishes and/or municipalities in Louisiana have made similar arrangements with neighboring states, and that the Department of Education does not consider such arrangements to be illegal. In fact, the students who are part of such arrangements are counted by the State for purposes of Minimum Foundation Program funding.
This office could find no express statutory authority for an arrangement such as that entered into by the Union Parish School Board and Junction City School District No. 75, nor could we find an express prohibition of such an arrangement. However, we believe the provisions of R.S. 17:155 are somewhat pertinent to your inquiry. R.S. 17:155 provides in part:
 "Children for whom adequate schools of suitable grade have not been provided in their home parish may attend schools in an adjoining parish. In such cases, permits shall be secured from the parish superintendent of the parish in which the schools that the children desire to attend are located, they shall be presented to the principals of the schools which the children wish to attend, who shall be required to admit the children and provide for their instruction the same as if they were residents of the parish. The superintendent of the children's home parish shall settle monthly for the instruction of such children as shall take advantage of the provisions of this Section, the settlement for each child to be on the basis of the per capita cost of instruction in the school attended by that child.
 "In estimating the per capita cost of instruction, the parish operating the school must not include items of general control, items arising out of operation of transfers or other auxiliary agencies, items of fixed charges, capital outlay, or debt service; but may include salaries of teachers, teaching supplies, salaries of janitors, janitors supplies, repairs and renewals."
The same provisions are made in R.S. 17:155 for students from outside of municipalities attending municipal schools.
We also direct your attention to R.S. 17:105, which pertinently provides:
 "A. Local school boards may, by mutual agreement, provide for the admission to any school of pupils residing in adjoining parishes and for transfer of school funds or other payments by one board to another for, or on account of, such attendance.
 "B. Each transfer of school funds provided for in R.S. 17:105(A) shall be equal to the following for each student so admitted:
(1) The total of:
 (a) The actual cost per student in the school system admitting such student for the school year in which such student is admitted, such cost to be determined by the state Department of Education, and
 (b) An amount equal to the cost of debt service for the school such student attends for the school year in which such student is admitted divided by the number of students attending such school;
 (2) Less all monies received by the admitting school system through the minimum foundation program formula because of the attendance of such students.
 "C. If the remainder of the computation required in R.S. 17:105(B) is less than zero, then neither school system shall be financially liable to the other for, or on account of, such attendance."
Both of these statutes, by virtue of their references to "parishes", contemplate attendance by Louisiana students within Louisiana. However, we see no reason why such an arrangement could not be entered into by a border parish, such as Union Parish, with the school district of another state, in a situation where no adequate school would be otherwise available to such students, or if such an arrangement is more economically feasible for the school board than providing such students an education within the parish. Accordingly, it is our opinion that the Union Parish School Board may legally make arrangements for the children of Junction City, Louisiana to be educated by Arkansas' Junction City School District No. 75.
Trusting this adequately responds to your request, we remain,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
BY: JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General RPI:JMZB:jav 0450n